UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-01511-AB (AGRx) | Date: | April 11, 2016 |

| | |
|---|---|
| Title: | *Anthony Holguin v. Residential Credit Services, Inc.; et al.* |

Present: The Honorable     **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**      **[In Chambers] Order Sanctioning Plaintiff's Counsel Andrew Weitz; Discharging OSC; Denying Motion to Dismiss as Moot [7, 15]**

On March 31, 2016, the Court ordered Plaintiff's counsel, Mr. Andrew Weitz, to show cause by immediate declaration why he should not be sanctioned for failure to conform to the Court's Local Rules governing timely filings. (Dkt. No. 15, at 2.) The Court's OSC was precipitated by Mr. Weitz's March 24 response to Defendants' Notice of Plaintiff's Non-Opposition to Defendants' Motion to Dismiss. (Dkt. Nos. 12–14). Therein, Mr. Weitz indicated that he would *untimely* oppose Defendants' motion by the end of the week, which ended March 25, 2016.[1] (Dkt. No. 14, at 2.)

---

[1] The Court concluded that an opposition was forthcoming for two reasons: first, because Mr. Weitz vehemently defended Plaintiff's "right to oppose this motion;" and, second, because Mr. Weitz stated that his filing would be untimely on March 25. (Dkt. No. 14, at 2.) Only an opposition would have been untimely as of that date. *See* C.D. Cal. L.R. 7-9. Moreover, Mr. Weitz represented that he (or his client)

When Mr. Weitz failed to meet his self-imposed deadline to oppose Defendants' motion, the Court waited nearly one week before setting an alternate delayed briefing schedule and ordering Mr. Weitz to immediately file a declaration stating why the Court should not sanction him for his impending untimely opposition.  (Dkt. No. 15.)  But, apparently, the eight days that ticked by after Mr. Weitz fired off his March 24 response afforded him ample time to assess and abort his charted course.  On April 1, Mr. Weitz elected instead to amend the operative complaint, as was Plaintiff's right under Federal Rules of Civil Procedure Rule 15(a)(1)(B).[2]  (Dkt. No. 16.)

While Mr. Weitz's substitute course of action proved procedurally sound, Mr. Weitz's March 24 filing wasted judicial resources indiscriminately and impermissibly.  (Dkt. No. 14.)  What is more, Mr. Weitz has flatly disregarded this Court's March 31 Order:  As of April 11, the Court has yet to receive the declaration that it ordered Mr. Weitz eleven days ago to file immediately.  (Dkt. No. 15.)

The Court will not venture a guess as to what "immediate" connotes to Mr. Weitz except to observe that Mr. Weitz's March 24 response, filed a mere twenty-eight hours after Defendants' Notice of Non-Opposition, evinces an acceptable understanding of the concept as well as a strong aptitude for putting theory into practice.  Suffice it to say that, after eleven days, Mr. Weitz's opportunity to discharge the Court's March 31 OSC and avoid sanctions by immediate declaration has finally expired.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).  Mr. Weitz's March 24 filing and willful failure to comply with the Court's March 31 Order constitute impermissible litigation practices that have disrupted the Court's efficient management of his client's case and generally wasted scarce judicial resources.  Dismissal is unnecessary in this case due to the availability of less drastic measures.  Accordingly, the Court hereby **DISCHARGES** the Order to show cause and **SANCTIONS** Mr. Weitz personally in the amount of $100.00 payable to the Clerk of the Court no later than Tuesday, April 19, 2016.

**IT IS SO ORDERED.**

CC: FISCAL

---

was "ready to pay the costs of the late filing of a response."  (Dkt. No. 14, at 2.)

[2] In light of Plaintiff's First Amended Complaint, Defendants' Motion to Dismiss the inoperative initial complaint is hereby **DENIED** as moot.  (Dkt. No. 7.)